BYRNES, Judge.
Plaintiff, Dr. Kenneth K. Birchard appeals a judgment dismissing his Petition to Appeal from Administrative Adjudication. We affirm.
In 1982, Dr. Birchard’s Louisiana Medical License was suspended as a result of charges that he had prescribed controlled substances .for his own use without legitimate medical justification. The charges were resolved by a Consent Order which permitted Dr. Birchard to reenter the practice of medicine. However, his practice was restricted to Huey P. Long Memorial Hospital in Pineville, Louisiana, and he was required to surrender his Federal and State Controlled Substances Permits. Subsequently, Dr. Birchard entered into a second and then a third Consent Order allowing him to change his place of employment and dispense controlled substances to inpatients only at the hospitals or hospital at which he had permission to practice.
The third Consent Order specifically provided that, “any violation of the terms, conditions, and restrictions set forth herein-above shall be deemed just cause for suspension or revocation of the medical licen-sure of Kenneth K. Birchard, M.D., or for such other disciplinary action as the Board deems appropriate ...”. The Consent Order was acknowledged, approved and accepted by Dr. Birchard, who signed it on July 2, 1985.
Thereafter, in violation of all three Consent Orders, Dr. Birchard apparently issued 20 prescriptions of controlled substances to individuals who were not patients at any Louisiana hospital.
As a result of these allegations, Dr. Birchard was given proper notice to appear at an administrative hearing before the Louisiana State Board of Medical Examiners (the Board) on January 24, 1991. At that hearing, Dr. Birchard appeared and was given the opportunity to testify and present evidence. He admitted and acknowledged 19 out of the 20 prescriptions which formed the basis of the charges against him.
As a result of this hearing, the Board rendered a Decision dated February 5, 1991 *981 revoking Dr. Birchard’s medical license. However, the Decision simultaneously stayed the revocation and allowed Dr. Birchard to continue a restricted practice of medicine, subject to seven probationary conditions, for a period of 12 years from March 1, 1991, the effective date of the Decision. First among those seven conditions was the requirement that Dr. Birch-ard could “... practice medicine only as an employee of a medical institution approved in advance by the Board.”
In connection with this requirement of prior approval, Dr. Kenneth Birchard wrote to the Board through its president Dr. Elmo J. Laborde and asked to be allowed to continue practicing at Central Louisiana State Hospital and Bayou Rapides Hospital. By letter dated February 27, 1991, the Board granted Dr. Birchard’s request to practice at Central Insurance State Hospital and denied his request to practice at Bayou Rapides Hospital, since the Board stated in its letter that it “... saw no point in [Dr. Brichard] making a personal appearance to discuss the matter.”
Over thirty days later, Dr. Birchard filed a “Petition of Appeal From Administrative Adjudication” in Civil District Court for the Parish of Orleans in which he appealed the refusal by the Board to grant him permission to practice at Bayou Rapides Hospital. Dr. Birchard did not appeal from the Decision of Board dated February 5,1991 which required as a condition of his probation that he practice “... only as an employee of a medical institution approved in advance by the Board.” He appeals only from the manner in which the Board chose to enforce its decision.
Dr. Birchard argues that:
(1) When the Board denied him the right to practice medicine at the Bayou Rap-ides Hospital it was an adjudication resulting in an order or decision. LSA-R.S. 49:951(1).
(2) As an adjudication was involved, he was entitled to a full notice and hearing. LSA-R.S. 49:951(3); LSA-R.S. 49:955(A).
(3) The failure of the Board to comply with hearing and notice requirements violated his rights to due process. La. Const. Art. 1 Sec. 2; Fourteenth Amendment to the United States Constitution.
(4) The failure of the Board to comply with the statutory requirements for an adjudication and the due process standards of the Constitutions of Louisiana and the United States makes the denial of permission to practice at Bayou Rap-ides Hospital invalid and void.
(5) Therefore, the decision of the lower court should be reversed.
In response The Board argues that:
(1) All statutory and due process requirements were met with the January 24, 1991 hearing attended by Dr. Birchard wherein revocation of his license was suspended subject to seven probationary conditions, including the requirement of prior approval of future employment. Dr. Birchard has filed no timely appeal from the Decision rendered pursuant to that hearing.
(2) The exercise by the Board of the probationary condition of prior approval of employment is not the “... grant, denial, or renewal of a license ...” nor a “... revocation suspension, annulment, or withdrawal of any license ...” requiring “notice and opportunity for hearing ...” as described in LSA-R.S. 49:961.
(3) Therefore, the exercise by the Board of the probationary condition of prior approval of employment is not an adjudication.
(4) Therefore, there is no statutory nor due process requirement for notice and a hearing each time the probationary conditions are implemented.
(5) The decision of the Board to deny approval to practice at Bayou Rapides Hospital was valid, and the decision of the trial court should be affirmed.
We agree with the Board and the trial court.
As a result of the hearing held on January 24, 1991, the Board had the full legal authority pursuant to the Louisiana Medical Practice Act to prevent Dr. Birchard from practicing medicine entirely without violating due process. LSA-R.S. 37:1285(A). In fact, the order of February *982 5, 1991 actually does revoke Dr. Birchard’s license. However, the Board stayed the revocation and placed Dr. Birchard on probation. The revocation did not violate due process, and Dr. Birchard does not suggest that it did. Therefore, logic dictates that the much less drastic penalty of prior Board approval without hearing, of any place of Dr. Birchard’s future medical employment would not violate due process.
There was nothing in the wording of the “prior approval” condition of probation to even remotely suggest to Dr. Birchard that he would be entitled to a hearing each time the Board exercised its approval process. He had no reason to expect anything other than the unilateral action of the Board in the enforcement of that condition of probation. If he had any basis for objecting to such an exercise of authority on a unilateral basis, his only remedy was to appeal within thirty days the Decision rendered by the Board on February 5, 1991. LSA-R.S. 49:964(B). This he failed to do.
Therefore, we affirm the judgment of the trial court.
AFFIRMED.